[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO WITHDRAW
The defendant is a foreign corporation brought into this action on the basis of the so-called long arm statute, Section 33-411 (c). Counsel for the defendant filed a motion to dismiss based on the basis that the court lacked personal jurisdiction. This motion was argued and the court, by a memorandum of decision dated December 14, 1993, decided that CT Page 5867 the motion could not be decided on the basis of briefs and oral argument but that an evidentiary hearing was necessary. Counsel for the defendant, Exicust Transformers, Inc., never pursued the motion to dismiss by claiming it for an evidentiary hearing. The only other action taken by counsel for the defendant was to file as a disclosure of defense a copy of its original memorandum requesting the matter should be dismissed as to it because of the court's lack of personal jurisdiction.
Counsel for the defendant has informed the court and the plaintiff's counsel that its client is apparently being dissolved and that it has been instructed to do nothing more than to file a motion to withdraw and take no other action of any other kind to defend this matter. The defendant client wishes to terminate the relationship forthwith and the court is satisfied that the defendant has proper notice of the consequences of its actions.
Counsel for the plaintiff objects to the court's granting of the motion to withdraw and vigorously and ably points out that if it is granted her client can only obtain a judgment of default for failure to appear which would not be enforceable under the Uniform Judgments Act against this foreign corporation.
Plaintiff's counsel has argued that courts frequently deny motions to withdraw for among other reasons that it would cause unfair prejudice to the other side. These are usually situations, however, on the even of trial where the granting of the motion will cause delay after a case perhaps years old has been fully prepared by counsel opposing the motion to withdraw. The court too has an interest in these situations in protecting the integrity of its scheduling procedures and ensuring that trial judges are efficiently utilized.
This is not the case here. The case is 18 months old and even the pleadings as to the co-defendant were only closed as of January 18, 1994.
Failure to grant this motion would put counsel for the defendant in an impossible situation. That firm would be merely left in the case for the purpose of allowing a more favorable remedy to the plaintiff but without any authority to defend. The equities in this case do not support the CT Page 5868 plaintiff's objection because of the factors already noted. It is also true that the defendant, through counsel, did nothing more than file a motion contesting the court's jurisdiction over it. We do not have here a long series of dilatory pleadings or pleadings raising numerous procedural or substantive defenses. The court can imagine in those situations a different ruling may possibly be warranted. None of this is the case here. The motion to withdraw is granted.
However, due to the circumstances of this case the court believes it is appropriate to deny the motion to dismiss filed by the defendant in November, 1992. A hearing on the motion was held some six months ago and the defendant did not claim an evidentiary hearing to resolve the motion since the December date of the court's decision suggesting such a procedure. The defendant, by asking its counsel to withdraw, cannot leave the pleadings in a perpetual state of limbo and preventing the plaintiff from seeking any relief it might be entitled to.
The motion to dismiss is denied.
Corradino, J.